**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2053-24

IN THE MATTER OF
JUAN MENDOZA,
HUDSON COUNTY.

_____

Submitted May 27, 2026 – Decided August 10, 2026

Before Judges Chase and Augostini.

On appeal from the New Jersey Civil Service Commission, Docket Nos. 2023-1053, 2024-838, 2025-435, and 2025-436.

Juan Mendoza, self-represented appellant.

Chasan Lamparello Mallon & Cappuzzo, PC, attorneys for respondent County of Hudson Sheriff's Department (Cindy Nan Vogelman, of counsel and on the brief; Brianna C. Martins, on the brief).

Jennifer Davenport, Attorney General, attorney for respondent New Jersey Civil Service Commission (Gordon C. Estes, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioner Juan Mendoza, a sheriff's officer with Hudson County, appeals from a July 24, 2024 final administrative action by the Civil Service Commission (CSC), denying his appeal challenging the promotional appointments made from the May 27, 2022 certification (First Certification), of the Sheriff's Officer Sergeant, Hudson County, eligible list. He also appeals from a February 5, 2025 decision denying reconsideration of the CSC's prior decision.

Petitioner argues that three promotional appointments were invalid for various reasons, and that the CSC's decisions to promote these individuals were arbitrary, capricious, and unreasonable. We affirm.

I.

On December 13, 2018, the CSC promulgated a promotional list (First Eligibles List) for the title of sheriff's officer sergeant, which included forty-two eligible candidates. The list was originally set to expire on December 12, 2021. Petitioner ranked 36th on the First Eligibles List.

On May 27, 2022, the CSC issued a certified list of eligible candidates. The certification contained the names of five eligible candidates. After one

2

candidate was removed, three candidates relevant to this appeal remained on the certified list:  C.M. (first), A.L. (third), and J.C. (fourth).[1]

On November 2, 2022, the CSC issued a new promotional list (Second Eligibles List), which was promulgated on November 3, 2022, and included forty-six eligible candidates.  In a letter dated November 2, 2022, petitioner appealed the promotional appointments made from the First Eligibles List and claimed that misuse of the list impacted his advancement in the department.[2]

On March 16, 2023, the CSC issued a certified list from the Second Eligibles List; however, no appointments were made from this certification.  On July 21, 2023, a second certified list was issued, and contained six candidates, of which petitioner ranked fourth.  He was not appointed from this certification.

In a letter dated January 4, 2024, the Deputy Director of the Commission's Division of Appeals and Regulatory Affairs advised petitioner that because "no violation of Civil Service law or rules ha[d] been raised" in either of his appeals, the matters would not be forwarded to the CSC for a determination.  On January

---

[1]  We use initials to refer to the applicants consistent with the agency's written decision.

[2]  Petitioner initially challenged C.M. and J.C.'s promotions, and then, on October 16, 2023, he filed an additional appeal challenging A.L.'s appointment.

A-2053-24

10, petitioner requested that his appeal be reconsidered and forwarded to the CSC for determination, nonetheless.

On July 24, 2024, the CSC issued a final agency decision rejecting petitioner's challenge to the promotional appointments of C.M., J.C., and A.L. The CSC found that the effective appointment date for C.M. and J.C. was October 31, 2022, and that "there is no basis to invalidate the appointments." The CSC explained:

> . . . regardless of whether internal Hudson County documents have the appointees being "officially promoted" and sworn-in at a later date on November 7, 2022, that does not have any bearing on the appointment date in this instance as the certification disposition and approval by this agency are the mechanisms on which a regular appointment is effective. In that regard, there is no reference in Civil Service law or rules to the requirements of participating in a swearing-in ceremony in order to perfect a regular appointment. Arguments that individuals are appointed on their swearing-in ceremony date are misplaced.

With regard to A.L.'s appointment, the CSC noted petitioner's lack of awareness of a settlement agreement reached between A.L. and the appointing authority, which provided for his promotion to sergeant, subject to CSC's

approval.[3]  According to the CSC, "the appointing authority requested that the subject certification be amended to record A.L.'s appointment consistent with the date of appointment of the other appointees which had been October 31, 2022."

The CSC also addressed petitioner's other claims, including his assertion that he would have been promoted if the appointments were invalidated.  The CSC found that petitioner ranked 36th on the First Eligibles List and was too far down the list to be reached for appointment.  Even on the Second Eligibles List, petitioner could have been bypassed under the "rule of three.[4]"  The CSC concluded that, "individuals whose names merely appear on a list do not have a vested right to appointment . . . .  The only interest that results from placement

---

[3]  The addendum to the settlement agreement stated that A.L. "was eligible for promotion from the promotional list then existing at the time of [his] suspension."  It further states that A.L. "would have been promoted . . . but for that suspension."

[4]  "The Rule of Three . . . 'permits an appointing authority to select one of the three highest scoring candidates from an open competitive examination.'"  In re Foglio, 207 N.J. 38, 45 (2011) (quoting Local 518 N.J. State Motor Vehicle Emps. Union v. Div. of Motor Vehicles, 262 N.J. Super. 598, 603 (App. Div. 1993)).

A-2053-24

on an eligible list is that the candidate will be considered for an applicable position so long as the eligible list remains in force."

Thus, the CSC denied petitioner's appeal and ordered that the First Eligibles List be revived for the limited purpose of confirming A.L.'s appointment as sergeant, effective October 31, 2022, for record purposes.

On February 5, 2025, the CSC denied petitioner's request for reconsideration, finding that petitioner had not met the standard for relief. The CSC reiterated its prior finding that C.M. and J.C.'s appointments occurred during the "life of the . . . eligible list and personnel orders and swearing-in ceremonies on November 7, 2022 did not impact the appointment date." Regarding A.L., the CSC reiterated that "[b]ased on th[e] settlement agreement," the first certified list was amended to record A.L.'s appointment effective October 31, 2022, and this settlement was approved because A.L. was reachable for appointment before the list expired. Moreover, the CSC underscored that the "judicial system strongly favors settlement."

On appeal, petitioner argues that the CSC's promotional decisions were arbitrary, capricious, and unreasonable for the following reasons. Regarding C.M. and J.C.'s promotions, petitioner contends they were made from an expired eligibility list. Concerning A.L.'s promotion, petitioner argues, in part, that the

CSC improperly revived the eligibility list to justify A.L.'s promotion due to the settlement agreement and approved his promotion without A.L. having filed an appeal.

II.

Our review of a final administrative agency decision is limited. Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)); see Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995) ("In light of the executive function of administrative agencies, judicial capacity to review administrative actions is severely limited."). "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo, 206 N.J. at 27). Absent a demonstration of capriciousness, "an administrative agency's exercise of discretion is ordinarily sustained on appeal." In re Martinez, 403 N.J. Super. 58, 75 (App. Div. 2008).

"A strong presumption of reasonableness attaches to the actions of an administrative agenc[y]." In re Carroll, 339 N.J. 429, 436 (App. Div. 2001)

7

(quoting In re Vey, 272 N.J. Super. 199, 205 (1994)).  Our review of an agency's

action is generally limited to these considerations:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;
>
> (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and
>
> (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars Auto. Grp., Inc., 234 N.J. at 157 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

See In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216

N.J. 370, 383 (2013); Mazza, 143 N.J. at 25.  If the agency's findings are

"supported by adequate, substantial and credible evidence," we are required to

affirm the decision.  In re Taylor, 158 N.J. 644, 656-57 (1999) (quoting Rova

Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)).  Moreover, we

"owe[] substantial deference to the agency's expertise and superior knowledge

of a particular field."  In re Herrmann, 192 N.J. 19, 28 (2007); see In re Request

to Modify Prison Sentences, 242 N.J. 357, 390 (2020) ("Wide discretion is

afforded to administrative decisions because of an agency's specialized

8

knowledge."); <u>Circus Liquors, Inc. v. Governing Body of Middletown Twp.</u>, 199 N.J. 1, 10 (2009) (in assessing the three criteria an appellate court "must be mindful of, and deferential to, the agency's 'expertise and superior knowledge of a particular field'"); <u>City of Newark v. Nat. Res. 30 Council, Dep't of Env't Prot.</u>, 82 N.J. 530, 539 (1980) (deferential standard is consistent with "strong presumption of reasonableness that an appellate court must accord an administrative agency's exercise of statutorily delegated responsibility"); <u>In re Musick</u>, 143 N.J. 206, 216 (1996) (deferential standard is consistent with the Judiciary's "limited role . . . in reviewing the actions of other branches of government").

> The New Jersey Constitution "prescribes that, [a]ppointments and promotions in the civil service of the State, and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive."
>
> [<u>Foglio</u>, 207 N.J. at 43-44 (quoting <u>N.J. Const.</u> art. VII, § 1, ¶ 2).]

<u>See also</u> N.J.S.A. 11A:1-2(a) ("It is the public policy of this State to select and advance employees on the basis of their relative knowledge, skills and abilities.").

The Civil Service Act, N.J.S.A. 11A:1-1 to 12.6, outlines the process for appointing candidates to civil service vacancies. Foglio, 207 N.J. at 44. N.J.S.A. 11A:4-2 provides first for an examination process. Ibid. When an examination is announced, minimum qualifications for the position must be posted. Ibid. (citing N.J.A.C. 4A:4-2.1.).

> After the examination, an eligible list is published ranking all passing candidates by score, with special ranking rules for veterans and for tie scores. N.J.A.C. 4A:4-3.2. That list remains in force for three years, although the [CSC] may extend or delay the date of its expiration. N.J.A.C. 4A:4-3.3(b). When an appointing authority requests a list of candidates for a vacant position, the [CSC] will issue a certification "containing the names and addresses of the eligibles with the highest rankings on the appropriate list." N.J.A.C. 4A:4-4.2(a). A complete certification consists of "three interested eligibles for the first permanent appointment, and the name of one additional interested eligible for each additional permanent appointment." N.J.A.C. 4A:4-4.2(c)(2).
>
> [Ibid.]

An eligible candidate has no "vested right to appointment." In re Crowley, 193 N.J. Super. 197, 210 (App. Div. 1984).

With these governing principles in mind, we address petitioner's contentions. C.M. and J.C.'s promotional appointments were made before the

list expired consistent with N.J.A.C. 4A:4-3.3(a) and (e). N.J.A.C. 4A:4-3.3(a)

provides:

> An eligible list shall be considered issued on the date
> on which it is available for review by candidates,
> appointing authorities and members of the public. The
> list shall be considered promulgated on the date on
> which it is available to be certified to an appointing
> authority and from which appointments may be made.

Relevant to law enforcement promotions, subsection (e) of N.J.A.C. 4A:4-3.3

provides:

> When a promotional list for a law enforcement or
> firefighter title is extended until a new promotional list
> is available for certification and appointments, the
> extended list shall expire when the new promotional list
> is issued, provided however, that certifications of and
> appointments from the new list shall not be made until
> the promulgation date of the new list.

An eligible appointee "shall not be appointed and begin work" after the

list's expiration date "except . . . [w]hen the certification is made just prior to

the expiration of the eligible list, in which case the date of appointment and the

date the eligible begins work shall be no later than the disposition due date."

N.J.A.C. 4A:4-4.9(a)(3).

Here, C.M. and J.C.'s appointments were effective on October 31, 2022.

The CSC closed the First Certification on November 14, 2022, which reflected

these October 31 appointments. Petitioner's reliance on internal documents—

11

including notices to C.M. and J.C. of the effective date of their promotions and timecard entries reflecting a November 7 promotion date—is misplaced. The CSC's determination that C.M. and J.C.'s appointments were "valid and in accordance with Civil Service law and rules" is supported by the evidence and reasonable. Thus, we discern no basis to reject this decision.

Turning to A.L.'s appointment, petitioner contends that the CSC revived the First Eligibles List in violation of N.J.A.C. 4A:4-3.4(a), N.J.S.A. 11A:4-6, and N.J.A.C. 4A:4-3.3(a) and (e). Petitioner argues that the revival of the list two years and eight months after the list expired on November 1, 2022, to accommodate A.L.'s appointment, was improper. We conclude the CSC properly exercised its discretion in reviving the list for the "limited purpose of confirming A.L.'s appointment" to the rank of sergeant in furtherance of the settlement agreement.

The record supports the CSC's finding that A.L. was eligible for promotion from the list in existence at the time of his suspension. However, he was not promoted at that time because of his suspension. The record also supports the CSC's reasoning that the settlement agreement "did not arise from a matter that was before the [CSC], [and] th[e] agency was able to address it administratively." In light of the public policy favoring and encouraging

settlement agreements, "equally applicable in the administrative arena," the CSC found "good cause" to revive the list and effectuate the terms of the settlement agreement. See N.J.A.C. 4A:4-3.1(a)(5). We see no basis to reject the CSC's determination that these circumstances establish "good cause" to revive the list.

Petitioner next contends there was evidence of fraud or improper conduct to invalidate the settlement agreement. Petitioner asserts that during the pendency of his administrative appeal, he raised "serious concerns" regarding the execution of settlement agreements, referring to a matter involving B.L.[5] and A.L. He argues that settlement agreements had the potential to "adversely affect[] the interests of candidates, such as himself," and requested a hearing to "thoroughly examine the circumstances surrounding" these agreements to evaluate whether fraud or improper conduct existed that would invalidate the agreements. This claim, however, is merely speculative.

Initially, we note that petitioner was not a party to the settlement agreements with either B.L. or A.L. Nor did A.L.'s agreement arise from this appeal. Petitioner claims that documents were allegedly concealed and backdated. However, the CSC was under no obligation to provide petitioner, as

---

[5]  Petitioner submitted additional exhibits in support of his reconsideration application which were not submitted initially and related to B.L., another employee involved in a settlement agreement.

a non-party to these other settlement agreements, with information related to other employees' settlement terms. Moreover, the settlement of A.L.'s matter would not have affected petitioner's non-appointment. Thus, we are satisfied that the CSC acted within its discretion in resolving a separate matter with A.L. and doing so was not arbitrary, capricious or unreasonable.

Petitioner further contends that the CSC acted arbitrarily and unreasonably by permitting A.L.'s promotion without him having filed an appeal, in violation of N.J.A.C. 4A:2-1.1(b) and N.J.S.A. 11A:4-6. Neither provision, however, requires an appeal before an applicant may reach a valid and enforceable settlement agreement.

N.J.A.C. 4A:2-1.1(b) addresses the time in which an appeal must be filed. N.J.S.A. 11A:4-6 addresses the duration of the CSC's eligible lists and limits the duration to "no[] . . . more than three years." The statute permits the CSC to "revive a list to implement a court order or decision of the commission in the event of a successful appeal instituted during the life of the list or to correct an administrative error." N.J.S.A. 11A:4-6.

A.L. was removed from the eligibility list due to his disciplinary matter, and the settlement agreement, unrelated to petitioner's promotional list appeal, resolved only the disciplinary matter. In other words, the revival of the list was

14

pursuant to settlement agreement resolving A.L.'s disciplinary matter.  We agree with the CSC's conclusion that there was no evidence to suggest that "any of the [other] appointments were made to retaliate against [petitioner]."  Moreover, as the CSC noted, "even if the [CSC] granted [petitioner's] request to invalidate the subject appointments, [petitioner] would not be entitled to an appointment."

Petitioner asserts that the CSC acted contrary to N.J.A.C. 4A:4-6.1(a)(5) which precludes a person from examination eligibility or appointment if he or she "[h]as been removed from the public service for disciplinary reasons after an opportunity for a hearing."  Petitioner asserts that, rather than being disqualified for a promotion, A.L. was promoted despite his disciplinary suspension.  This assertion is without merit.

The CSC retains discretion in determining whether to remove an individual from appointment under such circumstances.  In the present case, the record does not show that the CSC requested A.L.'s removal.  Indeed, the CSC approved the revival of the list for the limited purpose of effectuating A.L.'s promotion.

Petitioner challenges the CSC's February 5, 2025 decision denying reconsideration of its prior decision as arbitrary, capricious, or unreasonable.  The CSC found that petitioner did not meet the standard for reconsideration

15

under N.J.A.C. 4A:2-1.6(b). On this record, petitioner does not provide any evidence that the CSC acted arbitrarily, capriciously, or unreasonably in denying reconsideration.

Under N.J.A.C. 4A:2-1.6(b), to establish grounds for reconsider, a petitioner must show the following:

> 1. The new evidence or additional information not presented at the original proceeding, which would change the outcome and the reasons that such evidence was not presented at the original proceeding; or
>
> 2. That a clear material error has occurred.

Here, petitioner has not presented new evidence or additional information and has not shown that a clear material error occurred. We agree that the record supports the CSC's appointments of C.M, J.C. and A.L. and there is no basis to disturb these decisions.

To the extent we have not addressed any of petitioner's arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

16                                                                   A-2053-24